**UNITED STATES of America**

v.

**Jay TUROFF, Alan Silver, Harriet Silver and Herman Schwartz, a/k/a "Hy Schwartz," Defendants.**

**No. CR–86–00422(S–1).**

United States District Court, E.D. New York.

Feb. 17, 1987.

Edward Rappaport, Rappaport & Frost, New York City, for Jay Turoff.

Leopold Laufer, Laufer & Farkash, New York City, for Alan Silver.

Lawrence Farkash, Laufer & Farkash, New York City, for Harriet Silver.

Robert S. Franklin, Robert S. Franklin, P.C., New York City, for Herman Schwartz.

Robert Stolz, Asst. U.S. Atty., Brooklyn, N.Y., for the U.S.

## SUPPLEMENTAL MEMORANDUM AND ORDER

GLASSER, District Judge:

In its February 5, 1987 memorandum and order, the court ruled on various pretrial motions. Among other things, the court denied defendants' motion to sever tax counts from mail fraud counts, and stated that the government alleged that violations of the tax laws stemmed from a scheme charged in the mail fraud counts.

The prosecutor, in a letter dated February 12, 1987, called to the court's attention the fact that defendants Alan Silver and Harriet Silver are charged with failing to report interest income derived from sources other than the scheme charged in the mail fraud counts. The government maintains, however, that the court was correct to deny the severance motion, because the government intends to prove that the Silvers' failure to report interest income was a product of the overall corrupt relationship among all the defendants and the HYFIN Credit Union.

Counsel for the Silvers, in a joint letter dated February 13, 1987, renewed their severance motion, arguing that the court specifically relied on the perceived connection between the mail fraud charges and the tax charges when it ruled initially.

The relevant portion of the February 5 memorandum and order is as follows:

"The question" before the court "is whether the co-defendants 'participated ... in the same series of acts or transactions constituting an offense or offenses.'" Of course, "participation in a series of transactions does not require participation in each transaction." And "tax counts can properly be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged." The government's contention is that all counts of the indictment concern the fraudulent disbursement of HYFIN funds and that it does not matter that the victims of the frauds are different. At a minimum, the proof of the two alleged schemes will overlap, because the government charges that the tax law violations stem from the defendants' ill-gotten gains in the Compumeter scheme. If the government is able to prove this connection at trial, joinder certainly will have been proper. If not, the government assumes the risks attendant upon such failure of proof.

In short, the indictment as pleaded provides a basis for joinder of the tax and Compumeter [mail fraud] charges. The court need not surmise whether the government will carry its trial burden before ruling that there was no misjoinder and the severance motions must be denied.

*United States v. Turoff,* 652 F.Supp. 707, 710–711 (E.D.N.Y.1987) (citations omitted).

The basis of the court's ruling was the finding that the indictment, as pleaded, provided a basis for joinder of tax and mail fraud charges. As to the Silvers, the nexus between the two types of charges is not as close as it is in the case of defendant Jay Turoff. Nevertheless, the court agrees with the government's contention that the facial nexus remains sufficient to justify joinder. If the government fails to prove that the alleged mail frauds were connected to the alleged tax violations even to the extent advanced in the prosecution's Febru-

ary 12 letter, then "the government [will] assume[ ] the risks attendant upon such failure of proof." But if the government is able to prove that the Silvers' alleged tax violations were "a product of the overall corrupt relationship among all the defendants and HYFIN," Letter from Robert Stolz to the court (Feb. 12, 1987), then joinder will have been appropriate.

Because the court finds that there is an adequate nexus for joinder on the face of the indictment, it adheres to its earlier ruling. The motion to sever the tax counts from the mail fraud counts is denied.

SO ORDERED.